28 F.3d 1212
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph McCoy POWELL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph McCoy POWELL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph McCoy POWELL, Defendant-Appellant.
 Nos. 93-5566, 93-5843, 93-5855.
 United States Court of Appeals, Fourth Circuit.
 Argued April 15, 1994.
Decided July 15, 1994.
 
 Appeals from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. Terrence W. Boyle, District Judge. (CR-93-4-2-BO)
 Argued: John Moorhead Cloud, John M. Cloud, P.C., of North Carolina, Moyock, NC, for appellant.
 John S. Bowler, Asst. U.S. Atty., U.S. Atty's Office, Raleigh, NC, for appellee.
 On Brief J. Douglas McCullough, U.S. Atty., Christine B. Hamilton, Asst. U.S. Atty., Raleigh, NC, for appellee.
 E.D.N.C.
 AFFIRMED.
 Before RUSSELL and MICHAEL, Circuit Judges, and TURK, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Joseph McCoy Powell appeals from his conviction of various drug and firearm offenses. We find no merit in Powell's challenges and affirm the judgment of the district court.
 
 I.
 
 2
 At approximately 1:00 a.m. on October 24, 1992 law enforcement officers obtained a "no-knock" search warrant for Powell's trailer in Lewiston, North Carolina. The officers sought a "no-knock" warrant based upon information that Powell, an alleged large-scale drug trafficker, owned an assortment of automatic and semi-automatic weapons. North Carolina District Court Judge Thomas R.J. Newbern approved the search warrant. Judge Newbern had previously prosecuted Powell while serving as an assistant district attorney, and had sentenced Powell for traffic offenses earlier in his tenure as a district judge.
 
 
 3
 Powell arrived home between 4:30 and 5:00 that morning and claims to have been intoxicated at the time. At 7:08 a.m., a search team of six offers entered Powell's trailer where they discovered Powell, his girlfriend, and a small child asleep in the front bedroom. The officers announced their presence, conducted a safety sweep, and secured the residence.
 
 
 4
 After removing Powell from the bedroom and handcuffing him, the officers advised Powell of the search warrant and asked him if any guns, drugs, or money were present in the trailer. Powell responded that he had a .357 pistol and a .22 caliber rifle. The police then began a thorough search of the trailer, ultimately discovering a .357 pistol, a .22 rifle, and a Mac 11,[1] as well as a large amount of crack cocaine and some $8,000 in cash. At approximately 7:15 a.m., Powell indicated that he was a diabetic and needed an insulin shot. The officers allowed him to take his medicine and eat breakfast.
 
 
 5
 During the course of the four-hour search, Powell made five spontaneous statements in which he admitted ownership of the drugs, weapons, and cash found in the trailer. Three of the statements were made spontaneously to the officers as they searched and occurred without prompting or response from the police. Powell made the remaining two statements during conversations with his girlfriend and grandmother. The police did not solicit either of these statements, but were present when they were made.
 
 
 6
 On February 16, 1993, a three-count indictment was returned against Powell. The indictment charged Powell with possession with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 841(a)(1); using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c); and possession of a firearm by a convicted felon in violation of 18 U.S.C.Sec. 922(g)(1). Powell's attorney filed a motion to suppress all evidence taken from Powell's home during the October 24, 1992 search and all statements made by Powell during that search. The court granted the motion as to Powell's statement concerning the .357 pistol and the .22 rifle but denied it as to Powell's spontaneous statements and the evidence seized during the search.
 
 
 7
 Powell subsequently pled not guilty to the charges filed against him. On July 13, 1993 a jury convicted Powell on all counts and the court sentenced him to 425 months imprisonment followed by an eight-year term of supervised release. Powell now appeals.
 
 II.
 
 8
 Powell first contends that the district court erred when it refused to suppress all evidence seized during the October 24, 1992 search of his home. In support of this contention, Powell argues that, given his previous encounters with Judge Newbern, the judge could not have been acting as a "neutral and detached" official when he read and signed the search warrant. Coolidge v. New Hampshire, 403 U.S. 443, 453 (1971) (holding that the Constitution requires a "neutral and detached" official to issue warrants). We disagree.
 
 
 9
 The requirement that the officer issuing a warrant be "neutral and detached" demands "severance and disengagement from activities of law enforcement." Shadwick v. City of Tampa, 407 U.S. 345, 350 (1972). Powell, however, does not allege that Judge Newbern was involved in the investigation of this case or that he was present at the time the search warrant was executed. He only notes that Judge Newburn, in his former capacity as district attorney and in his capacity as a district judge, had handled unrelated cases involving Powell. This is not sufficient to render Judge Newbern incapable of "neutral and detached" review of the warrant application. We accordingly reject Powell's first assignment of error.
 
 III.
 
 10
 Next, Powell contends that the district court should have suppressed the spontaneous incriminating statements he made during the search of his trailer because he had not been informed of his rights under Miranda v. Arizona, 384 U.S. 436 (1966). Additionally, Powell claims that these statements were made involuntarily, in violation of his Fourteenth Amendment right to substantive due process, because he was both intoxicated and in diabetic shock at the time.
 
 
 11
 Turning first to the alleged Miranda violation, we note that the record contains conflicting evidence concerning whether the officers advised Powell of his rights under Miranda. Assuming, however, that they did not, we nevertheless reject Powell's assignment of error. In Rhode Island v. Innis, 446 U.S. 291, 300-01 (1980), the Supreme Court held that the Miranda safeguards "come into play whenever a person in custody is subjected to either express questioning or its functional equivalent." Here, the police neither solicited nor responded to Powell's statements or subjected Powell to the functional equivalent of express questioning. Rather, Powell's statements were completely voluntary. Accordingly, we reject Powell's claim that his rights under Miranda were violated.
 
 
 12
 Similarly, we find that Powell's substantive due process claim lacks merit. Assuming that Powell was intoxicated and suffering from insulin shock, his condition was not the result of police action or coercion. Indeed, Powell makes no allegation of police coercion. Absent such coercion, Powell's statements are admissible even if involuntary. Colorado v. Connelly, 479 U.S. 157, 167 (1986) (holding that "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment"). We accordingly reject Powell's substantive due process claim.
 
 IV.
 
 13
 For the reasons stated, we affirm the district court's judgment finding Powell guilty of the charged offenses.[2]
 
 AFFIRMED
 
 
 [1]
 A Mac 11 is a semi-automatic handgun which carries a thirty-two round magazine
 
 
 [2]
 We have reviewed Powell's remaining assignments of error and reject them as they are completely without merit